CITY OF TOLEDO, APPELLEE, *v.*
EASTERLING, APPELLANT.

(No. L-85-003 — Decided June 28, 1985.)

*John T. Madigan,* chief prosecutor, and *Nancy Kistler Merritt,* for appellee.
*C. Allen McConnell,* for appellant.

CONNORS, P.J.   This matter comes on appeal from a decision of the Toledo Municipal Court wherein defendant-appellant, Troy Easterling, was found guilty after a trial before the court on a charge of domestic violence, in violation of Section 537.19 of the Toledo Municipal Code. From said judgment, appellant sets forth three assignments of error:

"1.  The verdict was against the manifest weight and sufficiency of the evidence.

"2.  The court erroneously based its verdict upon events that occurred outside the courtroom during the trial and that were unrelated to the facts of the case.

"3.  The court erred by not granting appellant's motion for a new trial."

Appellant initially claims that the trial court's judgment of guilt is against the manifest weight of the evidence. The basis for such claim is the lack of physical harm inflicted upon the victim by appellant, Troy Easterling.

Section 537.19(a) of the Toledo Municipal Code defines the offense of domestic violence as follows:

"(a) No person shall knowingly cause or attempt to cause physical harm to a family or household member."

Thus, the prosecution need only establish a knowing cause or an attempt to cause physical harm to the victim.

A review of the record evinces clear evidence that appellant struck the victim with a telephone receiver and did admit to striking the victim. The record contains competent and credible evidence as to all elements of the offense and will not be reversed as against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is not well-taken.

Appellant secondly claims that the trial court improperly based its verdict upon events which occurred outside the courtroom. The record shows that the trial court issued its decision stating in pertinent part:

"This Court had an opportunity to see an individual who acted, in this Court's opinion, very ugly. In fact, despicable, and this Court has to consider that if his actions on the night in question were at all related to or akin to what this Court saw yesterday, that certainly the wife had to be more believable."

It is a steadfast part of the criminal justice system that the trier of fact is empowered to determine the credibility of witnesses. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. The trial court may properly determine credibility of the witness from in-court observation of demeanor, comportment and temperament. There is no evidence, including the above statement of the trial court, which establishes that the trial court exceeded the scope of its authority in assessing the credibility of appellant. Accordingly, appellant's second assignment of error is found not well-taken.

Appellant's third and final assignment of error challenges the trial court's denial of the motion for new trial. The record establishes that appellant filed a motion for new trial pursuant to Crim. R. 33(A)(6) based upon the victim's affidavit recanting her trial testimony. Subsequently, the trial court set the

matter for hearing and after testimony, denied the motion for new trial.

At hearing, the victim authenticated her signature upon the affidavit recanting her prior testimony. However, the victim further averred that the statements in the affidavit were untrue, reaffirmed her prior testimony at trial as true and asserted that the affidavit, as signed and notarized by appellant's trial counsel, was merely an effort to reconcile differences with appellant, her husband.

It is clear that a decision on a motion for new trial is within the sound discretion of the trial court. *State* v. *Shepard* (1983), 13 Ohio App. 3d 117. The trial court's authority was recently affirmed by this court in *Toledo* v. *Stuart* (1983), 11 Ohio App. 3d 292, paragraph two of the syllabus:

"Neither the trial court's ruling on the new trial motion nor its decision on whether to hold a hearing thereon, will be disturbed on appeal in the absence of a clear showing that the court abused its discretion."

Crim. R. 33(A)(6) provides as follows:

"(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

"* * *

"(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."

A clear showing of abuse of discretion is mandated to overturn a trial court's determination of a motion for new trial on the grounds of newly discovered evidence. *State* v. *Williams* (1975), 43 Ohio St. 2d 88 [72 O.O.2d 49]. The fundaments for granting such a motion were set forth by the Ohio Supreme Court in the syllabus of *State* v. *Petro* (1947), 148 Ohio St. 505 [36 O.O. 165], which reads:

"To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (*State* v. *Lopa*, 96 Ohio St., 410, approved and followed.)"

In the present case, the trial court was faced with the alleged recantation of trial testimony by the victim and sole prosecution witness to the assault. As such, the trial court was faced with the question advanced in the third syllabus of *State* v. *Curnutt* (1948), 84 Ohio App. 101 [39 O.O. 120]:

"Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, whose action will not be set aside except for clear and manifest abuse."

In the cause *sub judice*, the claimed

recantation of the prosecution's primary witness and her subsequent denial of said recantation mandates that the trial court make two determinations: (1) which of the contradictory testimony offered by the recanting witness is credible and true, and if the recanted testimony is to believed; (2) would the evidence materially affect the outcome of the trial?

In *United States* v. *Lewis* (C.A. 6, 1964), 338 F. 2d 137, the court rejected the recantation of a witness implicating the defendant in a bank robbery. The court pointed to the vagueness in the recanted testimony as an essential basis for denying the motion for new trial. *Id.* The *Lewis* decision cited the following language in *Winer* v. *United States* (C.A. 6, 1956), 228 F. 2d 944, 952, certiorari denied (1956), 351 U.S. 906:

"The granting or refusing of a new trial upon newly discovered evidence of an impeaching character, including the recantation of a witness, rests in the sound discretion of the trial court; and a new trial will not be granted on the grounds of newly discovered evidence, unless such evidence is of a nature that, on a new trial, it would probably bring about a different result. It is for the trial judge to determine the probable effect it would have in changing the result on another trial; * * *."

The conclusion reached by the *Lewis* court is in accord with Ohio law and was succinctly set forth in *Lewis, supra,* at headnote one:

"Granting or refusing new trial upon newly discovered impeaching evidence, including recantation of a witness, rests in trial court's sound discretion and new trial will not be granted for such evidence unless it would probably bring about a different result."

In situations where the trial court finds the recantation credible and true, it must then determine whether the outcome of the trial would be materially af-

fected. *State* v. *Curnutt, supra; United States* v. *Lewis, supra; State* v. *Kicak* (1959), 83 Ohio Law Abs. 289. The recantation must so affect the character of the evidence that there is a strong probability that a different verdict would result. *State* v. *Lopa* (1917), 96 Ohio St. 410.

The trial court chose not to believe the victim's affidavit based upon her testimony at the motion for new trial. The hearing on the motion for new trial adduced full and complete testimony upon which the trial court reached its conclusion. From the record we find that the trial court did not abuse its discretion in finding the victim's recantation of prior testimony to be false. Accordingly, appellant's third assignment of error is not well-taken.

On consideration whereof, the court finds the appellant was not prejudiced or prevented from having a fair trial, and judgment of the Toledo Municipal Court is affirmed. Cause remanded for execution of judgment and assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

HANDWORK and WILKOWSKI, JJ., concur.