[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant's motion for a new trial, filed more than five years after his murder conviction, based on newly discovered evidence.
Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any meritorious, appealable issues.
Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Appellant's attorney presents the following "potential" assignments of error to this court:
 "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR NEW TRIAL WITHOUT A HEARING.
 "II. THE TRIAL COURT ERRED BY NOT PERMITTING APPELLANT TIME TO SECURE PROPER AFFIDAVITS TO AUTHENTICATE A LETTER AS NEWLY DISCOVERED EVIDENCE.
 "III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN PRESENTING HIS MOTION FOR NEW TRIAL."
On October 30, 1991, appellant Mark Gutierrez was convicted, following a jury trial, of the murder of Debra Downes. At appellant's trial, Allan Worstell testified that he was with appellant the night Downes was killed, and that appellant beat Downes to death with an iron bar. Worstell also testified at appellant's trial that he told the grand jury he cut Downes' throat after appellant beat her. In exchange for his testimony against appellant, Worstell was permitted to plead guilty to involuntary manslaughter during the commission of a misdemeanor.
Immediately after the jury's guilty verdict was announced, the trial court sentenced appellant to serve a term of incarceration of fifteen years to life. As a result of his plea, Worstell was sentenced to serve a term of incarceration of five to ten years. On November 13, 1991, appellant filed a timely notice of appeal and on February 26, 1993, this court affirmed the trial court's judgment. See State v. Gutierrez (Feb. 26, 1993), Lucas App. No. L-91-386, unreported.
On April 1, 1997, appellant filed a "MOTION FOR A NEWTRIAL" pursuant to Crim.R. 33(B). Appellant stated therein that he had received a letter from Worstell, which "makes obvious that Mr. Worstel [sic] himself was the killer of the victim, and not [appellant]." Appellant asserted that he should be granted a new trial on the grounds that Worstell's letter "utterly exonerates" him. Attached to appellant's motion was an undated, unauthenticated copy of a letter which purportedly was handwritten and signed by Worstell, in which the writer of the letter implies that he lied at appellant's trial to make the jury believe that appellant, and not Worstell, killed Downes.
On July 9, 1997, without holding a hearing, the trial court filed a judgment entry which denied appellant's motion for a new trial. On August 8, 1997, appellant filed a timely notice of appeal.
Appellant asserts in his first and second potential assignments of error that the trial court abused its discretion by denying his motion for a new trial. Appellant argues in support of his first potential assignment of error that the trial court should have held an evidentiary hearing before denying his motion. Appellant argues in support of his second potential assignment of error that the trial court should have granted him additional time to secure affidavits to authenticate the letter before denying his motion without a hearing.
It is well-established that "[a] clear showing of abuse of discretion is mandated to overturn a trial court's determination on the grounds of newly discovered evidence." Toledov. Easterling (1985), 26 Ohio App.3d 59, 61, citing State v.Williams (1975), 43 Ohio St.2d 88. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
As to appellant's first potential assignment of error, Crim.R. 33(A) states, in relevant part:
 "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
"* * *
 "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
Crim.R. 33(B) further states, in relevant part:
 "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
The record in this case discloses that the letter attached to appellant's motion was not authenticated by affidavit as having been written by Worstell. In addition, other than the contents of the letter itself, appellant has not presented any evidence to establish why he was unavoidably prevented from discovering this "new evidence" within one hundred twenty days of the jury verdict as required by Crim.R. 33(B). Consequently, the trial court had no clear and convincing evidence before it with which to make the necessary determination pursuant to Crim.R. 33.
In support of his second potential assignment of error, appellant correctly points out that, pursuant to Crim.R. 33, he arguably need not have produced affidavits to authenticate the letter until a hearing was held. However, even if properly authenticated, at best the letter only states that Worstell lied at appellant's trial. In State v. Petro (1947), 148 Ohio St. 505, the Supreme Court of Ohio stated that:
 "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." Id. at the syllabus.
In this case, several witnesses placed appellant with Worstell and Downes on the night of the murder, and Edward Franks, a criminalist for the Toledo Police Department testified that appellant had blood splatters on his clothes and boots, indicating that he was in very close proximity to Downes when she was beaten to death. As part of his defense, appellant's trial counsel argued vigorously to the jury that Worstell was lying about appellant's role in Downes' murder. Consequently, appellant has not demonstrated that the statements made in the letter, even if true, amount to more than a contradiction or recantation of evidence Worstell presented at trial, or that such information would have changed the result of the trial.
Upon consideration, this court finds that the trial court did not abuse its discretion by denying appellant's motion for a new trial without a hearing or by not granting appellant additional time to authenticate the letter by obtaining affidavits. Accordingly appellant's first and second potential assignments of error are not well-taken.
Appellant asserts in his third potential assignment of error that he received ineffective assistance of trial counsel.
In order to successfully assert a claim for ineffective assistance of counsel, a claimant must demonstrate that trial counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial, a trial whose result is reliable.Strickland v. Washington (1984), 466 U.S. 668, 687.
Upon consideration of our disposition as to appellant's first two potential assignments of error, we find that appellant has not demonstrated that his trial counsel's performance was deficient, or that he was prejudiced by his trial counsel's performance. Accordingly, appellant's third potential assignment of error is not well-taken.
We also find that appellant has been afforded sufficient time to respond but has chosen not to raise any additional error. We have fully reviewed the record and find that no error occurred which would be prejudicial to appellant. Therefore, the appeal is totally without merit and is wholly frivolous. Counsel's motion for leave to withdraw as appellate counsel is found well-taken and is hereby granted.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.