Defendant-appellant Thomas A. Mack ("appellant") appeals from the denial of his motion for a new trial.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE BECAUSE APPELLANT DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE.
 II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE BECAUSE THE NEW EVIDENCE CREATES A STRONG PROBABILITY OF A DIFFERENT RESULT AT TRIAL.
 III. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE BECAUSE A FREE STANDING CLAIM OF INNOCENCE IS COGNIZABLE IN A MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE AS A MATTER OF DUE PROCESS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
In 1990, appellant was convicted of four counts of aggravated robbery with firearm specifications. This court affirmed appellant's conviction in State v. Mack (June 22, 1992), Cuyahoga App. No. 60707, unreported. On May 18, 1998, appellant filed a motion for leave to file a motion for new trial based on newly discovered evidence. In the motion, appellant stated he was unavoidably delayed from discovering the new evidence because Curtis Taylor withheld recanting his trial testimony until April of 1998. In his affidavit attached in support of the motion, Taylor averred that he perjured himself at appellant's trial by testifying appellant robbed him at the Hotz Tavern on December 19, 1989. Taylor stated he committed perjury in exchange for leniency for drug charges pending against him at the time of appellant's trial. In his motion for a new trial, appellant argued that the newly discovered evidence showed that a different result would be reached in a new trial.
The trial court denied appellant's motion for leave to file a motion for new trial as being untimely filed. The trial court found that appellant failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the "new evidence." The trial court pointed out that Taylor testified at appellant's trial and the defense could have cross-examined Taylor regarding any bias or prejudice influencing Taylor's testimony and to uncover any deals offered by the state in exchange for Taylor's testimony. The trial court went on to state that it also would deny appellant's motion for a new trial even if it had been timely filed. The trial court concluded that the recanted testimony did not disclose a strong possibility of a different result at trial because there were other witnesses who identified appellant as the person who robbed them on December 19, 1989, at the Hotz Tavern.
 II.
In his first assignment of error, appellant challenges the denial of his motion for leave to file a motion for new trial on the basis of timeliness. Appellant contends he was unavoidably prevented from discovering the evidence because he had no opportunity to discover Curtis Taylor's perjury until Taylor executed his affidavit in 1998. Appellant argues that no amount of cross-examination could have revealed that Taylor was giving perjured testimony.
A motion for new trial based upon newly discovered evidence must be filed within one hundred twenty (120) days of the end of the proceedings. Crim.R. 33(B). If the motion is not made within this time-frame, a defendant is required to ask the trial court's leave to file a motion for a new trial. The defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the one hundred twenty (120) day period. Clear and convincing proof is the measure of proof that is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. Clear and convincing proof produces in the mind of the fact finder a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. This standard of proof requires more than a mere allegation that a defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial motion. State v.Kiraly (1977), 56 Ohio App.2d 37, 55. Where there is competent and credible evidence supporting the trial court's decision, an appellate court should not substitute its judgment for that of the trial court. Schiebel, supra, at 74. The allowance or denial of a motion for a new trial is within the competence and discretion of the trial judge. The trial court's decision will not be disturbed absent a showing of an abuse of discretion.State v. Hill (1992), 64 Ohio St.3d 313, 333.
Appellant states he knew Taylor was perjuring himself at trial based upon Taylor's testimony. During appellant's trial, Taylor stated he was currently incarcerated for a drug trafficking charge and admitted to previous convictions. Taylor testified he sold cocaine on December 19, 1989, prior to entering the bar with appellant. The one hundred fifty dollars ($150.00) stolen from Taylor at the Hotz Tavern was part of the proceeds from the earlier drug transactions. Taylor's veracity obviously was an issue at trial and the proper subject of cross-examination. Further, Taylor's imprisonment on an unrelated charge at the same time he was a witness in appellant's case easily could have been the subject of cross-examination regarding any possible accommodations made by the prosecutor in exchange for Taylor's testimony. From this standpoint, any alleged perjury by Taylor may well have come out during cross-examination.
Also, appellant never mentions any efforts made to discover or document the alleged perjury prior to 1998, which was eight years after appellant's trial concluded. Appellant avers he knew Taylor lied upon the stand but did nothing to verify the falsehoods in the period following trial. Therefore, appellant provided no proof of due diligence in obtaining Taylor's affidavit. Appellant did not present evidence sufficient to meet a clear and convincing standard of proof showing he was unavoidably prevented from obtaining the newly discovered evidence within the one hundred twenty (120) day period provided under Crim.R. 32(B).
Appellant's first assignment of error lacks merit.
 III.
In his second assignment of error, appellant contends the trial court abused its discretion by denying appellant's motion for a new trial. Appellant argues that the newly discovered evidence disclosed a strong possibility that the result of a new trial would be different.
Crim.R. 33(A)(6) provides that a new trial may be granted due to new evidence which the defendant could not have discovered with reasonable diligence and produced at trial. A motion for a new trial made pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court. That decision will not be disturbed upon appeal absent a showing that the trial court abused its discretion. State v. Hawkins (1993),66 Ohio St.3d 339. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Keenan (1998),81 Ohio St.3d 133, 137.
In State v. Petro (1947), 148 Ohio St. 505, syllabus, the court held:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
The basis of appellant's Crim.R. 32(A)(6) motion was the recantation of Taylor.
 Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, whose action will not be set aside except for clear and manifest abuse.
State v. Curnutt (1948), 84 Ohio App. 101, 110. Recanted testimony ordinarily is unreliable and should be subjected to the utmost scrutiny. State v. Moore (1994), 99 Ohio App.3d 748, 755. A trial court should grant a motion for new trial only when it is reasonably well satisfied that the trial testimony given by a material witness was false. State v. Saban (Mar. 18, 1999), Cuyahoga App. No. 73647, unreported. The trial court must make two determinations when faced with recanted testimony: (1) which of the contradictory testimony offered by that witness is credible and true, and if the recanted testimony is to be believed; (2) would the evidence materially affect the outcome of the trial. Toledo v. Easterling (1985), 26 Ohio App.3d 59.
Appellant argues that the result of a new trial would be different without Taylor's testimony because the state's evidence then would be insufficient. Appellant contends that the other eyewitnesses either could not identify the robber or were contradictory.
A review of the trial testimony reveals otherwise. Although Richard Barnes admitted to having difficulty with his eyesight, he stated that he looked at appellant's face from a distance of only two feet for three to five seconds and for an additional short period of time later. Ann Galan, the owner of the bar, also positively identified appellant as the person who, robbed the bar. Galan testified that appellant and Taylor were in the bar for about a half-hour before the robbery took place. She remembered seeing appellant in the Hotz Tavern a month earlier when he purchased lottery tickets. Galan chose appellant's photograph from a spread of pictures, picked appellant out of a line-up, and made an in-court identification. Another witness did not identify appellant at trial because he was uncertain if appellant was the robber. Yet another witness placed appellant and Taylor together at a supermarket minutes before the two entered the Hotz Tavern.
Based upon the above evidence, there is not a strong possibility that a second trial would lead to appellant's acquittal. The trial court did not abuse its discretion by denying appellant's motion for new trial based upon newly discovered evidence.
Appellant's second assignment of error is overruled.
 IV.
In his third assignment of error, appellant argues his motion for new trial should have been granted because the newly discovered evidence established that appellant was actually innocent of the crime. Appellant acknowledges that the United States Supreme Court rejected a free standing claim of actual innocence under the United States Constitution in a petition forhabeas corpus. Appellant urges this court to allow a claim of innocence under the Ohio Constitution.
In Herrera v. Collins (1993), 506 U.S. 390, the United States Supreme Court held that a claim of actual innocence based on newly discovered evidence is not a ground for federal habeas
relief absent an independent constitutional violation which occurred in the underlying state criminal proceeding. An accused who receives all of the safeguards afforded by the Constitution and is then convicted loses the presumption of innocence. The court noted that the evidence upon which the petitioner's claim of innocence rested was not produced at his trial until eight years later. The passage of time between the petitioner's trial and the production of the newly discovered evidence would diminish the reliability of any subsequent criminal proceeding. The court went on to assume, for the sake of argument, that a petitioner made a truly persuasive demonstration of actual innocence after trial which would warrant federal habeas relief. The court stated:
 But because of the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold showing for such an assumed right would necessarily be extraordinarily high.
Id. at 417. Similarly, appellant also produced his newly discovered evidence eight years after being convicted. As discussed above, the strength of appellant's evidence is not extraordinarily high enough to warrant the grant of a new trial.
Further, other Ohio courts have refused to acknowledge claims of actual innocence under the Ohio Constitution. In State v.Watson (1998), 126 Ohio App.3d 316, the Twelfth District Court of Appeals, relying on Herrera, refused to recognize a claim of "actual innocence" under the Ohio Constitution in a post-conviction relief petition. The court stated: "Since the United States Supreme Court has not recognized `actual innocence' as a constitutional right, we also refuse to judicially create such a constitutional right." Id. at 323. In State v. Tolbert
(Dec. 12, 1997), Hamilton App. No. C-960944, unreported, the First District Court of Appeals cited to Herrera in rejecting a claim of actual innocence based upon impeaching evidence in a motion for a new trial. The Hamilton County Court of Appeals earlier held in State v. Campbell (Jan. 8, 1997), Hamilton App. No. C-950746, unreported, that a claim of actual innocence was not cognizable in a post-conviction relief petition without a demonstration of a constitutional violation in the trial.
The reasoning of the above cases is persuasive. The Herrera
court mentioned a number of problems with acknowledging claims of actual innocence including the difficulty placed upon the state in prosecuting a case once time has passed such as having to use stale evidence, contending with fading memories, and the dispersion of witnesses. Because of these factors, there is no guarantee a second trial would yield a more exact result. Therefore, a claim of actual innocence is not recognized under the Ohio Constitution.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, ADM. J. and ANNE L. KILBANE, J. CONCURS.
 _________________________________ LEO M. SPELLACY JUDGE