OPINION
Appellant, Marlene Nahhas, presents this second appeal from her conviction in Warren Municipal Court of the offense of selling alcohol to a minor. On March 16, 2001, this court affirmed the conviction, but reversed the judgment as to the sentence imposed and remanded the matter to the trial court for resentencing. On remand, the trial court complied with the sentencing procedures as directed by this court and imposed an identical sentence.
Appellant had filed a motion for a new trial prior to the above appeal based on accident or surprise which was denied on December 8, 1999. Appellant filed a second motion for a new trial in the court below on March 15, 2000, based on newly discovered evidence. The trial judge held disposition of the new trial motion in abeyance until this court rendered its opinion on the conviction appeal. A hearing on the second motion for a new trial was held on April 13, 2001. After arguments of counsel and a review of the affidavits submitted by appellant, the trial court denied the motion.
Appellant asserts the following assignment of error:
 "The trial court abused its discretion in denying appellant's motion for new trial."
Appellant contends that the trial court erred in not granting a new trial based on the recantation of trial testimony by a key witness.
A ruling on a motion for a new trial is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of discretion.[1] Abuse of discretion is found where "the court's attitude [was] unreasonable, arbitrary or unconscionable."[2]
Crim.R. 33(A)(6) provides:
 "(A) Grounds. A new trial may be granted on a motion of the defendant for any of the following causes affecting materially his substantial rights:
"* * *
 "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
The Supreme Court of Ohio has set forth criteria that must be met for a trial court to grant a motion for a new trial in a criminal case based on newly discovered evidence. The defendant must show that the new evidence:
 (1) is likely to change the result if a new trial is granted;
(2) was discovered after the trial;
 (3) could not, in the exercise of due diligence, have been discovered before the trial;
(4) is material to the issues;
 (5) is not merely cumulative to the former evidence; and
 (6) does not merely impeach or contradict the former evidence.[3]
When the newly discovered evidence produced by the defendant is a recantation of witness trial testimony, this court has held that the trial court must first determine which of the contradictory testimonies of the recanting witness is credible and true.[4] Secondly, the trial court must determine whether the recanted testimony would have materially affected the outcome of the trial.[5]
At appellant's trial, a police detective testified that he viewed appellant selling alcohol to the minor. The minor also testified at trial that appellant sold him the alcohol. Appellant now submits a number of affidavits, offered as newly discovered evidence, in her motion for a new trial.
Appellant offers the affidavit from FBI agent, Wallace Sines, who conducted an investigation of the alcohol sale, as the most significant new evidence. Mr. Sines stated that he interviewed the minor and forwarded a copy of the subsequent statement to the prosecutor. The statement was signed by the minor but not notarized or sworn. Appellant asserts that the statements by the minor to Agent Sines include a conversation the minor had with the investigating police detective. The minor told Agent Sines that "[i]f I did not say it was Marlene Nahas [sic] who sold me the beer, then he [the detective] would put me in jail for perjury."
Appellant also contends that the other affidavits, submitted along with Agent Sines' statement, go further in establishing the need for a new trial. The additional affidavits include statements from Bermundy Sullivan, appellant's coworker, which states that it was Sullivan and not appellant who operated the cash register on the night in question and an affidavit from Roger Channell, a patron who stated he saw Sullivan leave the store shortly after appellant allegedly sold the alcohol to the minor.
Appellant also submits an affidavit from Katie J. Von Thaer, the minor's former first grade teacher, who stated that she arranged a meeting between appellant and the minor so that the minor could state whether appellant was the individual who sold the alcohol to him.
An additional joint affidavit from Linda J. Parker and Carol Casey provides statements that both were present at a meeting between appellant and the minor at which time the minor unequivocally stated that appellant did not sell him the alcohol.
Also included are additional affidavits from Zane Soffros and Joe Nahhas, appellant's son, stating that a videotape was made of the front of the store under the same conditions as were present when the detective initially viewed appellant selling the alcohol to the minor to demonstrate that the detective had limited visibility on the night in question.
Appellant asserts that all of these affidavits, in the aggregate, along with the evidence of recantation of the minor's testimony noted in Agent Sines' affidavit, establish that the trial court abused its discretion in not ordering a new trial based on this newly discovered evidence.
Initially, we must determine whether the affidavits submitted by appellant may properly be classified as new evidence as defined by the Supreme Court of Ohio. The evidence must meet all six criteria for newly discovered evidence.[6]
The first and most pivotal question is whether the evidence submitted by appellant is likely to change the result if a new trial were granted. Each of the affidavits relate to whether appellant in fact committed the crime and whether the police detective's testimony regarding the viewing of the crime is to be believed. The record reveals these issues were already argued at appellant's trial which resulted in her conviction.
The affidavits do not provide any new or undiscovered evidence that would necessitate a new trial, but rather, are merely attempts to bolster arguments previously made at appellant's trial. It is of some importance that, during the hearing on this motion, the trial court noted that it gave little credence to any of the minor's statements made regarding whether appellant sold him the alcohol. The trial court noted that the minor had changed his testimony so many times that the court, as finder of fact, could not find it reliable. Therefore, the fact that the minor may have recanted his testimony after trial in his unsworn statement to Agent Sines bears little weight on the final outcome.
Appellant also argues that all the affidavits together, combined with the evidence brought forth at trial, should be sufficient grounds to grant a new trial. The submitted new evidence alone must be of such quality that it would most likely change the outcome at a new trial.[7]
The affidavits submitted by the appellant are not the type of evidence that would change the result of a new trial. Therefore, appellant does not satisfy the first requirement of newly discovered evidence.
The second factor is whether the proposed evidence was discovered after trial which, combined with the third factor, requires a showing that through due diligence it could not be discovered before trial. Appellant obtained these sworn statements after trial. However, appellant fails to show that any of these individuals were not available during trial. Appellant could have obtained these sworn statements, through the exercise of due diligence, before trial. Therefore, appellant's evidence does not meet the third factor for newly discovered evidence.
The affidavits meet the fourth criterion for being material to the issues because they do relate to whether appellant was properly identified; however, a review of the substance of each of the affidavits, except for Agent Sines' affidavit, reveals that they are cumulative in nature. They are submitted merely to bolster appellant's argument made at trial that she was not the individual who sold the alcohol to the minor.
Agent Sines' statement regarding his report serves merely to contradict the minor's trial testimony. It has long been held that evidence that is merely cumulative or simply contradicts or impeaches prior evidence is not newly discovered evidence under the requirements set forth by the Supreme Court of Ohio.[8] Moreover, this court has held that, "In deciding whether to grant a motion for a new trial, the trial court must determine `* * * whether the newly discovered evidence would create a strong probability of a different result at trial, or whether it is merely impeaching or contradicting evidence that is insufficient to create a strong probability of a different result.'"[9]
The affidavit submitted by Agent Sines clearly is directly contradictory to the statements made by the minor in his trial testimony. Agent Sines' statement does not introduce any additional factual evidence into the case which would render a new trial necessary.
Analyzing the evidence under this court's standard for recantation of witness testimony reveals it to be insufficient. The testimony by the minor at trial identifying appellant and the recanting statement given to Agent Sines must be reviewed to determine which statement is more credible. However, as stated above, the trial court noted that it found all statements by the minor to lack credibility. The court did not rely on the minor's testimony in finding appellant guilty, which demonstrates that this additional testimony would not have affected the outcome of appellant's trial. When acting as the trier of fact, the trial court is free to determine the credibility of witnesses and disregard testimony it does not find credible.
In this case, the trial court did not abuse its discretion in denying appellant's motion for a new trial. Therefore, appellant's assignment of error must fail.
Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.
[1] State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] State v. Petro (1947), 148 Ohio St. 505, syllabus.
[4] State v. Elersic, 11th Dist. Nos. 2000-L-062, 2000-L-164, 2001-Ohio-8787 citing Toledo v. Easterling (1985), 26 Ohio App.3d 59.
[5] Id.
[6] State v. Petro (1947), 148 Ohio St. 505, syllabus.
[7] Id.
[8] Id.
[9] City of Kirtland v. Neff (May 19, 2000), 11th Dist. No. 98-L-245, 2000 Ohio App. LEXIS 2135, at *6 quoting City of Dayton v. Martin
(1987), 43 Ohio App.3d 87, 90.