OPINION
{¶ 1} This is an appeal from a denial of a motion for a new trial by the Court of Common Pleas of Knox County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was convicted in 1996 of three counts of rape involving his three daughters, each of whom were under thirteen years of age.
 {¶ 3} In 2002, Appellant moved for a new trial supported by Affidavits from such daughters to the effect that their prior trial testimony was false, given because of physical threats from their mother's boyfriend.
 {¶ 4} Additional documentation from the Knox County Childrens Services unit as to physical abuse by the boyfriend was also provided.
 {¶ 5} Such motion was denied without an evidentiary hearing and, on appeal, this Court reversed as an evidentiary hearing was required.
 {¶ 6} The trial court followed the opinion of this court by conducting such hearing and consolidated the evidentiary hearing with that of co-defendant, Denise Monk, whose motion for a new trial had also been denied initially without an evidentiary hearing and was reversed by this court on the same basis. Statev. Denise Monk, (Dec. 15, 2003), Knox App. No. 03CA12. Thereafter the court again denied the motion and this further appeal resulted.
 {¶ 7} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 8} "The trial court abused its discretion in not granting appellant's motion for new trial based on witness misconduct and newly discovered evidence."
 {¶ 9} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 10} We find that Appellant's Assignment of Error based upon alleged recantation of purgered testimony by the victims (Crim.R. 33(A)(2)(6) to be not well taken for the same reasons stated by Judge Wise, in State v. Monk referenced heretofore.
 {¶ 11} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v.Schiebel (1990), 55 Ohio St.3d 71.
 {¶ 12} "In addressing the issue of recantation of trial testimony, a trial court must make two determinations: `(1) [W]hich of the contradictory testimonies offered by the recanting witness is credible and true, and if the recantation is believable; (2) would the recanted testimony have materially affected the outcome of the trial?' City of Toledo v.Easterling (1985), 26 Ohio App.3d 59, 498 N.E.2d 198, paragraph three of the syllabus. If the trial court is satisfied that the trial testimony is true, it need not proceed to the second question to determine the probability that the new evidence will change the original result. Id.
 {¶ 13} "* * * evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion.' Statev. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, quotingState v. Isham (Jan. 24, 1997), Montgomery App. No. 15976."
 {¶ 14} "In its judgment entry, the trial court found the children's testimony recanting their prior testimony was not credible."
 {¶ 15} We find no abuse of discretion as the court, as trier of the facts, must judge the credibility of the witnesses and compare the recanted testimony with that originally given.
 {¶ 16} This cause is affirmed at Appellant's costs.
Boggins, J., Gwin, P.J. and Edwards, J., concur.