OPINION
{¶ 1} Defendant-appellant, Michael Flaugher, appeals a decision of the Brown County Court of Common Pleas overruling his motion for new trial. We affirm the decision of the trial court.
 {¶ 2} Appellant was convicted of two counts of rape in violation of R.C. 2907.02(A)(1)(c) (impaired victim) and 2907.02(A)(2) (forcible rape). The indictment stemmed from events that occurred in late 2002. On November 9, 2002 the victim, J.W., attended a party for his girlfriend's birthday at appellant's house. J.W. admitted to drinking about five beers before arriving, but stated that he was drinking Mountain Dew at the party. Appellant allegedly placed four sleeping pills in the Mountain Dew while the victim left it unattended. J.W. passed out and was helped to the bathroom where he remained unconscious until approximately 3:00 p.m. the next day. The victim then groggily left appellant's house and went back to sleep at the home of his girlfriend's sister.
 {¶ 3} The day following the party, appellant made a number of comments to party attendees and other relatives that he had anally raped J.W. while he was passed out in the bathroom. The people who heard this information thought appellant was joking at the time, but were indecisive about the matter upon questioning by investigators. J.W. testified that he could not clearly remember the events of November 9, and did not actually recall anyone having sex with him. Due to the fact that others told him he was raped and because he was experiencing pain in the anal area, found bruises on his legs, and saw blood on his stool, the victim went for examination at two hospitals. The exams failed to yield any DNA evidence, but revealed redness, swelling, and a small fissure in the anal area. Although the physician who attended the victim at Clermont Mercy Hospital could not conclusively determine that J.W. was raped, the sexual assault nurse who examined the victim at Cincinnati's University Hospital opined that his symptoms were consistent with penetration by a rounded, blunt object and stated her belief that the victim had been raped.
 {¶ 4} While J.W. testified at trial that he did not remember being raped, a jury found sufficient evidence to convict appellant. Subsequent to appellant's conviction, J.W. submitted an affidavit in which he denied that the rape ever occurred. The victim asserted that his memory had somewhat returned in the months following the night in question. He stated that he now believed that no one raped him and that his initial allegations were the result of what he had been told by others. Appellant then filed a motion for new trial pursuant to Crim.R. 33 on the grounds that J.W.'s affidavit constituted new material evidence warranting a new trial. The trial court denied appellant's motion, reasoning that the alleged new evidence did not disclose a strong probability that it would change the results if a new trial was granted. Appellant timely appealed the denial of his motion.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE."
 {¶ 7} The decision to grant or deny a motion for new trial is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus; State v. Williams
(1975), 43 Ohio St.2d 88, paragraph two of the syllabus. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. State v. Smith (1986), 30 Ohio App.3d 138,139. To prevail on a Crim.R. 33(A)(6) motion for new trial on the ground of newly discovered evidence, the movant must establish that the new evidence: "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Petro (1947),148 Ohio St. 505, syllabus.
 {¶ 8} The trial court denied appellant's motion on the grounds that he was unable to establish the first element of the Petro test, that there is a strong probability that the evidence would change the result if a new trial was granted. Appellant argues that this element of Petro is satisfied because J.W.'s affidavit stating that he believed no one raped him is critical to the jury's determination of appellant's innocence or guilt and actually establishes that no one was raped. Appellant thus concludes that the affidavit constitutes newly discovered evidence that would affect the outcome of trial. The state argues that the first element of the Petro test is not satisfied because the victim's statement in the affidavit that he believed no one raped him is not distinct from his testimony at trial that he did not remember anything. Further, the state notes the high volume of circumstantial evidence establishing appellant's guilt apart from the victim's statements.
 {¶ 9} In reviewing the evidence relied upon by the trial court in denying appellant's motion for new trial, we find no abuse of discretion in the trial court's determination that J.W.'s affidavit merely corroborated his trial testimony and as such did not constitute newly discovered evidence warranting a new trial. Because the victim's affidavit offers consistent and not refuting evidence, there is no cause to analyze the credibility or truth of J.W's statements as recanted testimony. Toledo v. Easterling (1985), 26 Ohio App.3d 59, 61-62;State v. Davis, Ashland App. No. 02 COA 9, 2002-Ohio-5286, ¶ 21.
 {¶ 10} A comparison of the victim's trial testimony and his affidavit reveals their accord. The victim never testified that anyone raped him, including appellant. Rather, he stated that he had little memory of the events surrounding the night in question, and instead testified as to physical symptoms he experienced in the days following the party. He testified that the events that took place the night of the party were reconstructed partially from his own memory and partially from what he had been told by others. The victim's affidavit merely substantiates this trial testimony and is at most cumulative.
 {¶ 11} In addition, we note that appellant was convicted based largely on circumstantial evidence derived from the other witnesses and the hospital exams, not the testimony of the victim. The victim's girlfriend testified that appellant put four sleeping pills in J.W.'s drink, that he admitted to doing so, and that appellant said he "got [J.W.] up the butt" and flushed the condom. The physician who attended the victim at Clermont Mercy Hospital testified that he saw redness around J.W.'s anus, bruises on his legs, and that the victim told him there was blood on his stool. The physician did not see the fissure upon visual examination, but upon being shown the colposcope picture taken by the sexual assault nurse acknowledged that the fissure was visible in the picture. The sexual assault nurse who examined the victim at University Hospital testified that she viewed redness, swelling, and a fissure in J.W.'s anus upon examination, and concluded that he had been anally assaulted. She also testified as to finding fingerprint marks on the victim's thighs, and insisted that the tear was visible without the colposcope. Appellant's aunt testified that appellant said he "fucked everybody in the house" and that he "packed [J.W.'s] ass full of KY Jelly," though she thought he was joking. The sister of J.W.'s girlfriend testified that appellant bragged about having anal intercourse with the victim, which she took to be a joke. She also stated that appellant told his girlfriend "at least it wasn't your ass." Finally, appellant testified to wrestling around with the victim in the barn prior to the party and saying he "fucked everybody in the house" the next day, but denied making any other sexual comments or jokes about the assault.
 {¶ 12} Considering the quantity of circumstantial evidence contained in the record as well as the conformity of the victim's affidavit to his trial testimony, we hold that the trial court did not err in finding that J.W.'s affidavit was not newly discovered evidence and that the information contained therein would not have affected the outcome of the trial. Appellant's assignment of error is overruled.
 {¶ 13} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.