[Cite as *State v. Cremeans*, 2017-Ohio-202.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RANDALL CREMEANS | : | Case No. CT2016-0018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CR2015-0160



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 January 17, 2017



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD V. ANDERSON II                     KERRY M. DONAHUE
27 North Fifth Street                     6295 Emerald Parkway
P.O. Box 189                              Dublin, OH  43016
Zanesville, OH  43702-0189

*Farmer, P.J.*

{¶1} On April 29, 2015, the Muskingum County Grand Jury indicted appellant, Randall Cremeans, on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), seven counts of kidnapping in violation of R.C. 2905.01(A)(2) and (3), five counts of aggravated robbery in violation of R.C. 2911.01(A)(1), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). Several of the counts carried firearm specifications pursuant to R.C. 2941.145. Said charges arose from an incident wherein appellant and a codefendant, Christopher Hendricks, entered a home and victimized seven people while demanding the whereabouts of a known associate, Brent Mayle.

{¶2} A trial commenced on October 13, 2015. The weapons count was tried to the bench. The remaining counts were tried to a jury save two of the aggravated robbery counts that had been nolled. The jury found appellant guilty of the tried counts. The trial court found appellant guilty of the weapons count. By judgment entry filed November 19, 2015, the trial court sentenced appellant to an aggregate term of thirty years in prison.

{¶3} Appellant filed an appeal and this court affirmed appellant's convictions and sentence. *State v. Creamans, Jr.,* 5th Dist. Muskingum No. CT2015-0062, 2016-Ohio-7930.

{¶4} On November 25, 2015, appellant filed a pro se motion for new trial with the trial court. A supplemental motion was filed by counsel on March 17, 2016. A hearing was held on April 5, 2016. By judgment entry filed same date, the trial court denied the motion.

{¶5}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}    "THE LOWER COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW."

II

{¶7}    "THE LOWER COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONTATION OF THE WITNESSES AGAINST HIM."

III

{¶8}    "THE TRIAL COURT VIOLATED THE SEPARATION OF WITNESS DOCTRINE THAT CONTRIBUTED TO THE DENIAL OF A FAIR TRIAL AND DUE PROCESS OF LAW TO APPELLANT."

IV

{¶9}    "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING THE APPELLANT A NEW TRIAL AND/OR THERE IS SUFFICIENT EVIDENCE IN THE RECORD FOR THIS APPELLATE COURT TO ORDER A NEW TRIAL."

V

{¶10}  "THE STATE OF OHIO VIOLATED U.S. VS. BRADY AND WAS GUILTY OF MISCONDUCT AND COMPELLED A WITNESS TO IMPROPERLY TESTIFY."

I, II, III, IV

{¶11} Appellant claims the trial court abused its discretion in denying his motion for new trial. Specifically, appellant claims he was denied due process, denied the right to confront witnesses, and denied the separation of witnesses. We disagree.

{¶12} Crim.R. 33 governs motions for new trial and states the following in pertinent part:

**(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶13}  "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion."  *State v. Schiebel,* 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶14}  In his motion for new trial and supplemental motion for new trial, appellant argued newly discovered evidence and a lack of separation of witnesses out in the hallway.  Appellant submitted the affidavits of Tamica Alexander, Jeremiah Marple, Misti Simms, and Joni Bocook.  Defense counsel subsequently withdrew the affidavit of Mr. Marple due to its inaccuracy.  T. at 56.

{¶15}  Appellant argued newly discovered evidence in the form of an affidavit and audio recording of trial witness Tamica Alexander admitting to committing perjury, specifically, that she had lied on the stand about appellant having a gun during the incident.  We note Ms. Alexander did not sign her affidavit attached to the November 25, 2015 motion and therefore it lacked evidentiary quality.

{¶16}  As explained by the Supreme Court of Ohio in *State v. Petro,* 148 Ohio St. 505 (1947), syllabus:

> To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is

such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.  (*State v. Lopa,* 96 Ohio St. 410, 117 N.E. 319, approved and followed.)

{¶17}  During the April 5, 2016 motion hearing, defense counsel waived hearing and wished to rest on the submitted affidavits.  T. at 5.  The state desired to go forward with the hearing in order to dispel alleged falsehoods in the affidavits submitted by appellant.  T. at 6-7.  The trial court proceeded with the hearing, and defense counsel called Ms. Alexander to the stand.  T. at 17-18.  Ms. Alexander testified she wrote out an affidavit (Defendant's Exhibit A) and gave a sworn audio recording (Defendant's Exhibit B) to Attorney Adam Grosshandler wherein she stated she lied on the stand during the trial about appellant having a gun during the incident.  T. at 20-21.  The audio recording was played to the trial court and was transcribed into the record.  T. at 22, 74-77.  On cross-examination, Ms. Alexander stated she did not lie when she testified during the trial that appellant had a gun.  T. at 25.  She explained she made the affidavit and the audio recording because "I was put on the spot" and she felt pressured to do so.  *Id.*  She stated she was telling the truth when she testified at trial that appellant had a gun during the incident.  *Id.*  Ms. Alexander agreed that she was concerned about appellant receiving a thirty year sentence and she thought "it would help him to get a lesser sentence" if she "lied and said he didn't have a gun."  T. at 26.  On redirect, Ms. Alexander stated when she testified during trial, she was sure appellant had a gun.  T. at 28.  Ms. Alexander

explained she made the affidavit and the audio recording because appellant's sister, Sierra, kept insisting to her over and over that appellant did not have a gun and Ms. Alexander wanted to "shut her up." T. at 30.

{¶18} Following Ms. Alexander's testimony, defense counsel called Joni Bocook to the stand. Ms. Bocook stated Ms. Alexander had told her on the day of her trial testimony that she was not one hundred percent sure if appellant had a gun during the incident. T. at 35.

{¶19} The next witness called by defense counsel was Misty Sims. Ms. Sims stated during the trial, she observed witnesses sitting together outside in the hallway. T. at 47. She stated they were talking about their testimony. T. at 47-48. The only time she heard the mention of appellant having a gun was when Ms. Alexander was talking to her mother, who did not testify at the trial. T. at 48. Ms. Sims stated she "saw all the girls come out one at a time" and agreed "they would then go and tell their story to the next person that would go in and testify." T. at 50-51. Ms. Alexander denied sitting out in the hallway with the other witnesses, and denied and did not recall talking to others about her testimony. T. at 32-33.

{¶20} The next witness, Attorney Grosshandler was unavailable, so defense counsel proffered his testimony, and the state so stipulated, that he would testify that he did not witness "anybody being pressured, that there wasn't any pressure put upon" Ms. Alexander during the making of the audio recording and in fact, Ms. Alexander voluntarily came in to give her statement. T. at 52-53.

{¶21} During argument to the trial court, defense counsel agreed with the trial court that during the trial, Brianna Baker also testified that appellant had a gun during the

incident. T. at 61. At the conclusion of the hearing, the trial court denied the motion for new trial. T. at 74.

{¶22} As explained by this court in *State v. Howard,* 5th Dist. Stark No. 2014CA00136, 2015-Ohio-2053, ¶ 13:

The defendant is not entitled to a new trial merely because an important witness recants. *State v. Brown*, 186 Ohio App.3d 309, 927 N.E.2d 1133, 2010-Ohio-405, ¶ 20 (7th Dist.Mahoning). If the newly discovered evidence is a recantation by a main prosecution witness, the trial court must make two determinations: "(1) which of the contradictory testimony offered by the recanting witness is credible and true, and if the recanted testimony is to believed; (2) would the evidence materially affect the outcome of the trial?" *Id.,* citing *Toledo v. Easterling,* 26 Ohio App.3d 59, 62, 498 N.E.2d 198, (1985). Newly discovered evidence must do more than merely impeach or contradict evidence at trial, and there must be a compelling reason to accept a recantation over the trial testimony of the witness. *Id.* A recanting witness is to be viewed with extreme suspicion because the witness, by making contradictory statements, either lied at trial, or in the current testimony, or both times. *Id.*

{¶23} As noted by the trial court: "And then she [Ms. Alexander] came back in here today and under oath reaffirmed what she said at trial. So every time she's been in front of this Court under oath she said Mr. Cremeans had a gun. There's other evidence

that Mr. Cremeans had a gun, so it's not solely based on what Ms. Alexander says." T. at 66.

{¶24} We do not find any violation of appellant's due process rights by the trial court proceeding with the hearing. Full and complete testimony was presented to the trial court regarding Ms. Alexander's recantation. From the record, we find the trial court did not abuse its discretion in finding Ms. Alexander's recantation of prior testimony to be false and/or would not materially affect the outcome of the trial. Any arguments involving Mr. Marple and the confrontation clause are meritless given appellant's withdrawal of Mr. Marple's affidavit due to inaccuracies. In addition, appellant could have called Mr. Marple to the stand during the hearing. On the separation of witnesses argument, no evidence was presented to establish appellant was prevented from having a fair trial.

{¶25} Upon review, we find the trial court did not abuse its discretion in denying the motion for new trial.

{¶26} Assignments of Error I, II, III, and IV are denied.

V

{¶27} Appellant claims prosecutorial misconduct in the prosecutor withholding exculpatory evidence and compelling a witness to improperly testify. We disagree.

{¶28} Appellant argues the prosecutor withheld exculpatory evidence by failing to have one of the witnesses, Jeremiah Marple, testify during the trial and "sent him away" from the courthouse. Appellant's Brief at 27. Appellant argues Mr. Marple would have testified that appellant did not have a gun during the incident, "that he tried to help the situation and that his actions probably saved their lives." *Id.* Appellant also argues the prosecutor withheld the fact that Ms. Alexander "tried to tell the Prosecution that her

original statement was incorrect in that she did not think that" appellant had a gun.  *Id.* at 28.

{¶29} Ms. Alexander testified during the trial and was subject to cross-examination.  Appellant does not argue that Mr. Marple, as a victim, was not disclosed as a potential witness by the prosecution.  If the state chose not to call Mr. Marple to the stand, defense counsel could have called him as a witness.

{¶30} This issue of "prosecutorial misconduct" does not constitute "newly discovered evidence" and could have been raised on direct appeal.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry,* 10 Ohio St.2d 175, 180 (1967).

{¶31}  Assignment of Error V is denied.

{¶32}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Baldwin, J. concur.

SGF/sg