UNITED STATES of America, Plaintiff-Appellee,

v.

Otis Thurmond CURRY, Defendant-Appellant.

No. 74–1089
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 15, 1974.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Theodore Klein, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

After a jury trial a judgment of conviction was entered against Otis Thurmond Curry on several counterfeiting charges.[1] A co-defendant, Julian Wilk-

erson, testified that in exchange for his favorable testimony the prosecution only agreed to make his cooperation known to the sentencing judge. In his motion for a new trial the appellant Curry has alleged that newly discovered evidence indicates that Wilkerson was not only promised that his cooperation would be made known, but that he was, in fact, promised a sentence not to exceed two years.[2] Mr. Wilkerson did indeed receive a sentence of two years imprisonment; Curry, in contrast, was sentenced to eight years.[3] The motion for a new trial was denied without an evidentiary hearing by the same district judge who presided during the entire case and sentenced all the defendants. We affirm.

If the appellant Curry was convicted on testimony known to the Government to be perjured a new trial would be required. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L. Ed.2d 104 (1972); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). By denying the motion for a new trial the district court has necessarily determined that Wilkerson's testimony was truthful and that he was not promised a sentence not to exceed two years. The question arises, however, as to whether it is necessary to hold an evidentiary hearing before arriving at this determination.

The law of this circuit has previously been well established that a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing. United States v. Dara, 429 F. 2d 513, 514 (5th Cir. 1970); Gurleski v. United States, 405 F.2d 253, 267 (5th Cir. 1968), cert. denied 395 U.S. 981, 89

1. This court affirmed. *See* United States v. Curry, 471 F.2d 419 (5th Cir. 1973).

2. Mr. Curry's affidavit supporting his new trial motion states that on the last day of his trial, March 14, 1972, he was informed by his counsel, Mr. Lesperance, that Wilkerson had "made a deal" with the Government. The affidavit further asserts that prior to the time Curry was sentenced, April 6, 1972, counsel for another co-defendant also informed Curry that Wilkerson had "made a

deal" whereby he would receive a sentence not to exceed two years. This issue was not presented to the district court at that time and therefore it was not presented on direct appeal to this court. It was not until October 19, 1973, that Curry presented his present contentions to the district court.

3. It was clear to all parties that the Government would move to dismiss counts II and III when Wilkerson pleaded guilty. No issue is raised with respect to this fact.

S.Ct. 2140, 23 L.Ed.2d 769 (1969). As in *Gurleski* the appellant here has not offered an affidavit from the challenged witness. He did not present affidavits from the other persons mentioned in his affidavit as the source of his factual claims. One of the parties was his trial counsel who also represented him on direct appeal. Essentially this is an attack on a witness whose credibility has already been weighed by the jury. Speaking for the court in *Gurleski* Judge Goldberg stated:

> The new evidence bore solely on the question of the credibility of the witness. Appellate courts are particularly cautious about reversing denials of motions for new trial on the ground of newly discovered evidence where such evidence relates solely to matters of credibility of witnesses against the accused. (Citation omitted) 405 F.2d 253, n. 12.

Furthermore, the insights gained by the presiding judge during the course of the trial make him exceptionally qualified to pass on affidavits supporting a new trial motion. United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562 (1945).

Quite recently, however, in DeMarco v. United States, 415 U.S. 449, 450, 94 S.Ct. 1185, 1186, 39 L.Ed.2d 501, 503 (1974) the Supreme Court suggested that an evidentiary hearing would be appropriate when the veracity of a co-defendant prosecution witness is challenged concerning his plea bargaining agreement. Nevertheless, the unusual procedural posture of *DeMarco* leads us to believe that an evidentiary hearing is not required in the present case. In *DeMarco* the alleged concealed plea bargain and false testimony were discovered at the co-defendant's sentencing hearing. It was clear that there was a plea agreement between the witness and the Government; the remarks of the United States Attorney arguably indicated that the agreement may have been reached prior to the witness' testimony in DeMarco's trial.

Without presenting the matter to the district court DeMarco pressed the issue in the Court of Appeals. The latter court accepted the tendered issue and after examining the record concluded that no promises had been made by the Government prior to the witness' testimony. The Supreme Court held that it would have been better practice not to resolve the factual issue in the Court of Appeals based on the materials then before that court. The issue should have been remanded for initial findings of fact and disposition in the District Court after an evidentiary hearing.

■ In the instant case an initial factual determination and disposition have been made by the trial court, albeit without an evidentiary hearing. We feel, however, that the acumen gained by the trial judge who presided during the entire course of these proceedings makes him well qualified to rule on the motion for a new trial on the basis of the affidavit and makes a time consuming hearing unnecessary. In ruling on Curry's contentions on direct appeal we concluded that the evidence of his guilt was overwhelming. (See note 1) If the Government had in fact promised a sentence not to exceed two years, this recommendation would necessarily have been communicated to the sentencing judge to ensure fulfillment of the bargain. One self-serving affidavit containing hearsay allegations of matters with which the trial judge should be familiar does not necessitate an evidentiary hearing. Accordingly, the order of the district court denying a motion for new trial is affirmed.

Affirmed.