OPINION
{¶ 1} Appellant George H. Davis, Jr. appeals the decision of the Court of Common Pleas, Ashland County, which overruled his motion for a new trial. The relevant facts leading to this appeal are as follows.
 {¶ 2} In July 1996, appellant was indicted for two counts of rape, stemming from an incident involving a seven-year-old female victim. The child victim was found competent to testify and took the stand at trial. On January 29, 1997, appellant was found guilty on both counts by a jury. On February 12, 1997, appellant filed a motion for a new trial. Following a hearing, appellant's motion was denied on March 11, 1997. On March 14, 1997, appellant was sentenced to two concurrent terms of seven to twenty-five years.
 {¶ 3} On August 30, 2001, appellant filed a "Motion for Leave to File an Application for a New Trial," alleging that the child victim had recanted her story. The state filed a written response on October 17, 2001. The trial court issued a judgment entry denying appellant's motion on January 22, 2002. Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 4} "I. THE TRIAL COURT ABUSE (SIC) ITS DISCRETION WHEN IT DID NOT PERMIT DEFENDANT TO PUT ON ANY EVIDENCE REGARDING HIS REQUEST FOR LEAVE FOR NEW TRIAL.
 {¶ 5} "II. THE TRIAL COURT ABUSE (SIC) ITS DISCRETION TO THE DETRIMENT OF DEFENDANT WHEN IT RULED AGAINST DEFENDANT'S MOTION DESPITE THE RECANTATION OF THE COMPLAINING WITNESS."
 I., II. {¶ 6} We will address both Assignments of Error together. Appellant argues that the trial court abused its discretion both in denying an evidentiary hearing regarding his motion for leave to request a new trial, and in denying said motion. We disagree.
 {¶ 7} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel
(1990), 55 Ohio St.3d 71, 764 N.E.2d 54, paragraph one of the syllabus. An abuse of discretion standard also applies to motions for leave to file a delayed motion for a new trial. See State v. Pinkerman (1993),88 Ohio App.3d 158, 160, 623 N.E.2d 643. Further, our standard of review regarding trial court's decision to deny a hearing on a motion for a new trial is also abuse of discretion. Toledo v. Stuart (1983),11 Ohio App.3d 292, 293, 465 N.E.2d 474. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Appellant submitted to the trial court that he was entitled to a new trial based upon newly discovered evidence. Crim.R. 33(A)(6) provides, in pertinent part:
 {¶ 9} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 10} "* * *
 {¶ 11} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *."
 {¶ 12} In addition, section (B) of the rule addresses the time frame for filing a motion for new trial and provides as follows: "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Clear and convincing evidence is proof "* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Schiebel at 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613.
 {¶ 13} In the case of State v. Petro (1947), 148 Ohio St. 505,76 N.E.2d 370, syllabus, the trial court set forth a six-part test for granting a new trial based upon newly discovered evidence: "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. [Citations omitted.]"
 {¶ 14} In support of his motion for leave to file a delayed motion for new trial, appellant submitted three affidavits. The first was prepared by Gary Bradley, the biological father of the child victim. The second came from Georgia Hess, the child's paternal grandmother. The third was prepared by Nanette Fowler, a family friend and the owner of the residence in which the child resided. All three affidavits contained allegations that the child stated, at various times during the year 2001, that she had not been truthful to police and the court concerning the acts of appellant. All three affiants also indicated that the child appeared to be sincere and not coached regarding her statements.
 {¶ 15} The state, in its response contra, attached affidavits from John Findley, a prosecutor's investigator for Ashland County, and Jennifer Taylor, an Ashland County DJFS child abuse investigator. According to the affidavits, both individuals interviewed the child on March 13, 2001, at Nanette Fowler's home. The child told Finley, inter alia, that "she feels torn between family members who would be upset with her if she said things did happen with `Uncle Hank' and family members who would be upset with her if she said things didn't happen." Affidavit at para. 16. The child further told Finley that she and appellant, on Easter Sunday 1996, were involved in actions involving their "private parts" and that she knew this activity was wrong. Id. at para. 17.
 {¶ 16} Taylor's affidavit included the following:
 {¶ 17} "11. On March 13, 2001, [the child] told us that on the Easter in question things had happened with "Uncle Hank" that she hadn't wanted to happen. Leah told us "Uncle Hank" had done things to her that he didn't normally do to her. The child told us that the activity involved her private parts and Uncle Hank's private part.
 {¶ 18} "12. [The child] stated that `Grandma Hess' (defense affiant Georgia Hess) was upset with her because Grandma Hess `knew nothing happened' but she was glad that [the child] had `finally told the truth.'" Taylor Affidavit at para. 11-12.
 {¶ 19} The trial court, in reviewing and deciding whether to grant appellant's motion, prepared an extensive twenty-two page judgment entry. The court recited a history of the case, noting that the child withstood a lengthy cross-examination at trial, during which time her recollection and credibility were "consistently attacked" over the course of seventy-four pages of transcript. Judgment Entry at 16. The court also noted that at least five of the more than seventeen defense witnesses were given the opportunity to voice to the jury that the child had a bad reputation regarding truthfulness. Judgment Entry at 18. Nonetheless, as the court recited, appellant originally confessed his crime to three different officials. Appellant gave a videotaped confession to a sergeant in the Holmes County Sheriff's Department and a written confession to a Loudonville police officer, also admitting to the latter officer that he had put his tongue in the child's vagina. On June 25, 1996, Investigator Findley interviewed appellant and was told that appellant pushed aside the girl's panties and licked her vagina. Appellant further admitted to instructing the child to kiss his penis. Judgment Entry at 19.
 {¶ 20} In City of Toledo v. Easterling (1985), 26 Ohio App.3d 59,61, 498 N.E.2d 198, paragraph three of the syllabus, the court held that a trial court facing the alleged recantation of trial testimony by the victim must make two determinations: "(1) [W]hich of the contradictory testimonies offered by the recanting witness is credible and true, and if the recantation is believable; (2) would the recanted testimony have materially affected the outcome of the trial?" Thus, if the trial court is satisfied that the trial testimony is true, it need not proceed to the second question to determine the probability that the new evidence will change the original result. Id. See, also, State v. Curnutt (1948),84 Ohio App. 101, 84 N.E.2d 230, paragraph three of the syllabus: "Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial * * *."
 {¶ 21} The trial court in the case sub judice found upon a review of the entire file that it was reasonably satisfied that the child victim's trial testimony was true, and therefore it would not be necessary to proceed to the second step of the Easterling analysis. It is noteworthy that the trial court judge who reviewed appellant's motion for leave to request a new trial was the original trial judge. "[T]he acumen gained by the trial judge who presided during the entire course of these proceedings makes him well qualified to rule on the motion for a new trial on the basis of the affidavit and makes a time consuming hearing unnecessary." U.S. v. Curry (C.A. 5, 1974), 497 F.2d 99, 101. Furthermore, appellant's case is based solely on alleged recantations four years after the fact, which were rebutted by affidavits from state investigators who spoke directly with the victim in response. "Newly discovered evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion.'" State v. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, quoting State v. Isham (Jan. 24, 1997), Montgomery App. No. 15976. See also United States v. Lewis (C.A.6, 1964), 338 F.2d 137, 139. Upon review in light of such circumstances, we are unpersuaded that the trial court abused its discretion in denying leave to file a motion for a new trial and in denying an evidentiary hearing.
 {¶ 22} Appellant's First and Second Assignments of Error are overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, is hereby affirmed.
By: Wise, J. Hoffman, P.J., and Edwards, J., concur.
Topic: Motion for New Trial.