OPINION
{¶ 1} Appellant Denise Monk appeals the decision of the Knox County Court of Common Pleas that denied her motion for new trial. The following facts give rise to this appeal.
 {¶ 2} In 1995, Melissa Fuson, age fourteen; Amy Fuson, age eleven; and Vanessa Fuson, age nine; made allegations of sex abuse against their father, Howard Fuson, and his girlfriend, Appellant Denise Monk. The girls made these allegations while residing with their mother, Tammy Fuson, and their mother's boyfriend, Lewis "Buddy" Owrey. Two years prior to these allegations, in January 1993, Tammy and Howard's marriage ended in divorce. Immediately following the divorce, Denise Monk moved in with Howard Fuson and the three children.
 {¶ 3} Although Tammy Fuson had been awarded custody of the children, she and Howard agreed that the children would continue to reside with him until the end of the school year. In February 1994, Tammy Fuson regained physical custody of Amy and Vanessa Fuson. Melissa Fuson continued to live with her father, appellant and appellant's daughter until early 1995. Thereafter, Melissa moved in with her mother, sisters and Buddy.
 {¶ 4} In June 1995, the girls revealed to Tammy Fuson that Howard Fuson, appellant and Christine Purdy, the children's babysitter, had sexually abused them. The Knox County Grand Jury indicted Howard Fuson, appellant and Christine Purdy and each were tried in separate trials. Appellant was indicted on one count of rape, two counts of felonious sexual penetration and one count of gross sexual imposition. The indictment also contained a specification, pursuant to R.C. 2907.12(B), as to one of the counts of felonious sexual penetration. The jury found appellant guilty on all counts, including the specification. The trial court sentenced appellant accordingly.
 {¶ 5} On October 23, 1997, we affirmed appellant's convictions.[1]
Thereafter, on April 26, 2002, appellant filed a motion for leave to file a delayed motion for new trial and a motion for new trial. The trial court granted appellant's motion for leave to file a delayed motion for new trial. On September 17, 2002, the trial court denied appellant's motion, without a hearing. Appellant appealed the trial court's decision.
 {¶ 6} In an opinion issued on December 3, 2002,[2] we reversed the trial court's decision and determined the trial court should have conducted an evidentiary hearing. Upon remand, the trial court conducted an evidentiary hearing on February 13, 2003. Subsequently, on February 28, 2003, the trial court again denied appellant's motion for new trial.
 {¶ 7} Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. The trial court abused its discretion when it denied appellant's motion for new trial."
 I {¶ 9} In her sole assignment of error, appellant contends the trial court abused its discretion when it denied her motion for new trial which was based upon the children's recanted testimony. We disagree.
 {¶ 10} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel
(1990), 55 Ohio St.3d 71, paragraph one of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In her motion for new trial, appellant claimed she was entitled to a new trial under Crim.R. 33(A)(2) and (6), which provides, in pertinent part:
 {¶ 12} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 " * * * {¶ 13} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 " * * * {¶ 14} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *."
 {¶ 15} Appellant argued she had new evidence to present the trial court because the children recanted their allegations of sex abuse and the children committed misconduct when they lied to the trial court regarding the allegations. On appeal, appellant focuses only on the new evidence prong. In State v. Petro (1947), 148 Ohio St. 505, syllabus, the trial court set forth the following six-part test for granting a new trial based upon newly discovered evidence:
 {¶ 16} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."
 {¶ 17} In addressing the issue of recantation of trial testimony, a trial court must make two determinations: "(1) [W]hich of the contradictory testimonies offered by the recanting witness is credible and true, and if the recantation is believable; (2) would the recanted testimony have materially affected the outcome of the trial?" City ofToledo v. Easterling (1985), 26 Ohio App.3d 59, paragraph three of the syllabus. If the trial court is satisfied that the trial testimony is true, it need not proceed to the second question to determine the probability that the new evidence will change the original result. Id.
 {¶ 18} Further, in State v. Curnutt (1948), 84 Ohio App. 101, paragraph three of the syllabus, the court of appeals explained:
 {¶ 19} Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial * * *." Further, "[n]ewly discovered evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion.'" State v. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, quoting State v. Isham (Jan. 24, 1997), Montgomery App. No. 15976.
 {¶ 20} Appellant claims, in her motion for new trial, that the children's prior testimony was based solely on what Buddy Owrey told them to say. It is noteworthy that the judge considering appellant's motion for new trial was the same judge that heard this matter, at trial, six years previously. "[T]he acumen gained by the trial judge who presided during the entire course of these proceedings makes him well qualified to rule on the motion for a new trial on the basis of the affidavit and makes a time consuming hearing unnecessary." U.S. v. Curry (C.A. 5, 1974), 497 F.2d 99, 101.
 {¶ 21} In its judgment entry, the trial court found the children's testimony recanting their prior testimony was not credible. In reaching this conclusion, the trial court made the following observations. First, Melissa Fuson testified that Buddy made the children memorize papers. The children were required to write down stories and memorize them. However, the state presented three documents, at the hearing, which contained allegations against appellant and Melissa admitted the documents contained her handwriting but stated she did not remember writing them.
 {¶ 22} Second, Amy Fuson identified the three documents as having been written by Melissa and stated they were consistent with what Buddy made them write. The trial court noted these documents were written in 1995 and were not consistent with "scripts" that may be prepared for offering testimony at trial. Judgment Entry, Feb. 28, 2003, at 3. The trial court also noted that one of the documents was a letter Melissa wrote to her mother in which she describes events consistent with her trial testimony and her sisters' trial testimony. Id.
 {¶ 23} Third, Melissa also testified at the hearing that when she testified, at trial, she could see Buddy from where she was seated and did not like how it made her feel. The trial court found this statement was not credible because Buddy was never in the courtroom when any of the Fuson children testified because the witnesses were ordered separated at trial. Id.
 {¶ 24} Fourth, the trial court noted that all three children testified, under oath, on four occasions. Id. They were subject to cross-examination on three occasions. Id. The trial court found their testimony consistent on each occasion. Id. Thus, the trial court concluded based upon the consistency of the prior testimony and the inconsistencies in the testimony offered at the hearing on the motion for new trial, the recanted testimony was not credible. Id. at 4.
 {¶ 25} We have reviewed the testimony presented at the hearing in this matter. Appellant argues the state did not present any witnesses to rebut the children's recanted testimony. This statement is not true in that the children's caseworker, Lori Roberts, testified the children never told her the sexual abuse did not occur. Tr. at 251. Based upon the evidence contained in the record, we agree with the trial court's conclusion that the children's testimony recanting their prior allegations is not credible. We do not find the trial court abused its discretion in reaching this conclusion and therefore, properly denied appellant's motion for new trial.
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
Gwin, P.J., and Edwards, J., concur.
[1] State v. Monk (Oct. 23, 1997), Knox App. No. 96 CA 33.
[2] State v. Monk, Knox App. No. 02 CA 26, 2002-Ohio-6602.