{¶ 1} Defendant-appellant, Andre Taylor ("defendant"), appeals from a decision of the Cuyahoga County Court of Common Pleas denying his motion for a new trial. On appeal, defendant claims that he is entitled to a new trial because a number of errors occurred during the trial. Defendant also claims that he has obtained new evidence, not available at the time of trial, that shows he is innocent of the offense for which he was convicted. For the following reasons, we reject his contentions and affirm the decision of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On March 24, 2000, defendant was indicted by the Cuyahoga County Grand Jury for various offenses concerning the homicide of Rommel Acy on September 20, 1999.
 {¶ 3} On January 23, 2001, defendant was convicted of one count of murder with a firearm specification and one count of having a weapon while under disability. He appealed from the judgment and this Court affirmed all but his having a weapon while under disability in State v.Taylor, Cuyahoga App. No. 79274, 2002-Ohio-7 ("Taylor I"). Defendant thereafter filed an application to reopen the appellate judgment arguing ineffective assistance of counsel. This motion was denied by this Court in State v. Taylor, Cuyahoga App. 79274, 2003-Ohio-2295 ("Taylor II").
 {¶ 4} On January 14, 2005, defendant filed a motion for new trial arguing that Lonnitia White ("Lonnitia"), a witness to the shooting, who did not come forward at the time of the trial, signed an affidavit stating that defendant was not responsible for *Page 4 
the death of Rommel Acy. Specifically, Lonnitia claims that she was on a date with Rommel Acy on the night of the shooting and that defendant did not shoot him.
 {¶ 5} On March 14, 2006, the trial court denied defendant's motion without a hearing. Defendant timely appeals and raises two assignments of error for our review.
 {¶ 6} "I. Defendant was denied due process of law when the court overruled defendant's motion for leave to file a motion for a new trial."
 {¶ 7} In his first assignment of error, defendant argues that he is entitled to a new trial because a number of errors occurred during the trial. Specifically, defendant argues that (1) the prosecutor vouched for the credibility of witnesses, (2) that the trial court improperly instructed the jury, and (3) that he received ineffective assistance of counsel. However, these identical arguments were made to and rejected by this Court in State v. Taylor II, supra. Specifically, this Court addressed each of these arguments and found no merit to them.
 {¶ 8} The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. Rogers v. Whitehall (1986), 25 Ohio St.3d 67. "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Coulson v.Coulson (1983), 5 Ohio St.3d 12, 13. Further, where a new motion simply rephrases issues previously raised the principles of res judicata bar the later motion. Bahgat v. Bahgat (Dec. 6, 1984), Franklin App. No. 83AP-469. *Page 5 
 {¶ 9} This Court has already ruled on the legal questions concerning defendant's claims that the prosecutor vouched for the credibility of witnesses, that the trial court improperly instructed the jury, and that defendant received ineffective assistance of counsel when his attorney failed to request a jury instruction on involuntary manslaughter; each of these arguments were without merit and the judgment of the trial court was upheld by this Court. The decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. Accordingly, the doctrine of res judicata operates to bar defendant's claims, which have been explicitly raised and rejected by this Court already.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} "II. Defendant was denied due process of law when the court failed to award defendant a new trial when he had proof of his actual innocence."
 {¶ 12} In his second assignment of error, defendant argues that he is entitled to a new trial based on newly discovered evidence. Specifically, defendant contends that Lonnitia's affidavit is new evidence and shows his actual innocence of the crime. The State maintains that the affidavit of Lonnitia on its face lacks credibility and persuasiveness in light of the facts presented at trial.
 {¶ 13} The decision whether to grant or deny a motion for new trial on the basis of newly discovered evidence is committed to the sound discretion of the trial court. State v. Matthews (1998),81 Ohio St.3d 375. An appellate court will not *Page 6 
reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. State v. Hawkins (1993), 66 Ohio St.3d 339, 350. An abuse of discretion is more than a mere error in judgment, it implies that a court's ruling is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} A defendant seeking a new trial based on the grounds of newly discovered evidence bears the burden of demonstrating to the trial court that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. State v.Petro (1947), 148 Ohio St. 505; Hawkins, supra at 350.
 {¶ 15} In reviewing motions for new trial, a trial court may weigh the credibility of affidavits submitted in support of the motion in determining whether to accept the affidavit as true statements of fact.State v. Coleman, Clark App. Nos. 04CA43, 04CA44, 2005-Ohio-3874.
 {¶ 16} In assessing the credibility of affidavits, the trial court should consider all relevant factors, including: "(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are *Page 7 
relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." State v.Calhoun, 86 Ohio St.3d 279, 285, 1999-Ohio-102.
 {¶ 17} One or more of the Calhoun factors, to the extent that any of them apply, may be sufficient to justify a conclusion that an affidavit asserting information outside the record lacks credibility. Id.
 {¶ 18} With these principals in mind, we proceed to evaluate whether the statements made by Lonnitia constitute newly discovered evidence, which would have affected the outcome of the trial.
 {¶ 19} Here, Lonnitia, in her affidavit dated January 10, 2005, stated that she was on a date with Acy, the victim, on the evening of the shooting. She stated that they left the bar to avoid the commotion and fight going on in front of the bar and walked to Acy's car. She stated that Acy got into the car and unlocked the passenger side door so that she could get in. She stated that she heard gunshots as Acy was leaning over to open her door. She said that she looked up and saw a "light skinned brown man" across the street shooting in their direction. Lonnitia stated that she yelled at Acy to go but that when she nudged him he didn't move so she knew something was wrong. Lonnitia then jumped out of the car and ran down the street. She stated that she knew defendant from the street but did not know his *Page 8 
true name at that time. Rather, defendant was known as "Dr. Dre." She stated that defendant is not the man she saw shooting in the street. Lonnitia stated that she did not come forward at the time of the trial because she was afraid that the person who did the shooting would shoot her if she got involved and because she was dating a married man at the time.
 {¶ 20} Defendant claims that Lonnitia's statements amounted to exculpatory evidence, which shows that he is innocent of the crime for which he has been convicted. He claims that her statements demonstrate that he is not the one responsible for the death of Acy and that his conviction is based on perjured testimony. We find that Lonnitia's affidavit is wholly inconsistent with the facts of Rommel Acy's murder and contradicted by the overwhelming evidence of defendant's guilt presented at trial. Lonnitia's claim that she was with Acy minutes before he was killed is contradicted by the testimony of four witnesses who testified that Acy was by himself at the time of the shooting. In addition, the testimony at trial indicated that Acy was shot while standing next to his car, and not inside the car as claimed by Lonnitia. Accordingly, we are not persuaded that defendant's "newly discovered evidence" would have affected his trial result. Lonnitia's testimony lacks overall credibility, indicating little probability that the result would have been different if a new trial were granted. See State v.McMullen, Butler App. Nos. CA2005-09-414, CA2005-10-427, CA2005-10-429,2006-Ohio-4557. Moreover, as previously noted, the new evidence merely impeached or contradicted the testimony *Page 9 
of four witnesses at trial. Accordingly, we find no abuse in discretion with the trial court's decision to deny defendant's motion for a new trial.
 {¶ 21} Defendant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 SEAN C. GALLAGHER, J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1