[Cite as *State v. Cannon*, 2016-Ohio-3173.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103298

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## DEMETRICE CANNON

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574884-A

**BEFORE:**   Boyle, J., Jones, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   May 26, 2016

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Frank Romeo Zeleznikar
          Amy Venesile
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

Scott Zarzycki
Assistant County Prosecutor
9300 Quincy Avenue, 4th Floor
Cleveland, Ohio   44106

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Demetrice Cannon, appeals a judgment denying his motion for leave to file a motion for a new trial (hereinafter referred to only as "motion for a new trial"). He raises one assignment of error for our review:

> Defendant was denied due process of law when his motion for leave to file a motion for a new trial based on newly discovered evidence was summarily overruled by the court.

{¶2} Finding no merit to his appeal, we affirm.

## I. Cannon Convicted

{¶3} In October 2013, Cannon was convicted of murder and having a weapon while under a disability. The following relevant facts were presented at a bench trial.

{¶4} Cannon and the victim were shooting dice together. Eventually, they got into a verbal argument over money. Cannon left the area, but returned to the scene. When he did, the victim was driving away. Cannon ran after the victim's car and flagged him down. Once again, Cannon and the victim began arguing. Cannon ultimately shot the victim, firing at least four shots at him. The victim died from the gunshot wounds. The police found four shell casings at the scene.

{¶5} Cannon initially told police that he was nowhere near the incident at the time of shooting, and that he did not even know the victim. But at trial, two witnesses, Demarco Parker and Brittany Baker-Terrell, rebutted those statements. Parker and Baker-Terrell testified that they saw Cannon shoot at the victim.

**{¶6}** At trial, Cannon testified on his own behalf. He stated that he shot the victim in self-defense, asserting that the victim shot at him first. Several witnesses testified, however, that the victim did not have a firearm that evening. Other witnesses also testified that the victim did not shoot at Cannon.

**{¶7}** The trial court sentenced Cannon to a total of 19 years to life in prison.

**{¶8}** Cannon directly appealed his convictions, which this court affirmed. *See State v. Cannon*, 8th Dist. Cuyahoga No. 100658, 2014-Ohio-4801.

## II.   First Petition for Postconviction Relief

**{¶9}** While his direct appeal was pending, Cannon filed a petition for postconviction relief, claiming his trial counsel was ineffective. The trial court denied his petition. This court affirmed the trial court's decision, finding that he raised the same claims in his direct appeal. *State v. Cannon*, 8th Dist. Cuyahoga No. 101733, 2015-Ohio-1543.

## III.   Motion for New Trial Based on Newly Discovered Evidence: Trial Witness Recants

**{¶10}** Although Cannon titled his motion as a "motion for a new trial, or in the alternative," he only set forth the law and argument on his motion for a new trial. In his motion, he claimed that one of the key witnesses at his trial, Demarco Parker, had recanted. Cannon attached Parker's affidavit to his petition. Parker averred that he was under duress by the victim's family to say that Cannon shot the victim. Parker further averred, "However, I never saw Demetrice Cannon shoot no one, and I did testify to a lie that they wanted me to say." Cannon asserted in his motion that he could not

have known this information previously, and that he was entitled to a new trial based on this newly discovered evidence.

{¶11} The trial court denied Cannon's new trial motion without a hearing. It is from this judgment that Cannon appeals.

## IV. Crim.R. 33

{¶12} Cannon argues that he was denied due process of law without a hearing when he presented evidence of "actual innocence" in his Crim.R. 33 motion for a new trial based on newly discovered evidence. Crim.R. 33, however, does not contemplate a motion for a new trial on grounds of evidence demonstrating "actual innocence" apart from the grounds set forth in Crim.R. 33(A)(6). Thus, a motion for a new trial based on the premise of "actual innocence" must demonstrate the strong probability that the newly discovered evidence would have led to a verdict of not guilty. *State v. Jalowiec*, 9th Dist. Lorain No. 14CA010548, 2015-Ohio-5042, ¶ 30.

{¶13} Crim.R. 33(A)(6) provides that "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights":

> When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶14} Under Crim.R. 33(B), however,

> [m]otions for a new trial based upon newly discovered evidence must be filed within one hundred twenty days after the verdict was rendered, unless it appears by clear and convincing proof that the movant was unavoidably prevented from discovering the new evidence[.]

A party is unavoidably prevented from filing a motion for a new trial if the party establishes that he or she "had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.), citing *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶15} A Crim.R. 33(A)(6) motion for new trial on the ground of newly discovered evidence may be granted only if that evidence

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶16} By its terms, Crim.R. 33 does not require a hearing on a motion for a new trial. Thus, the decision to conduct a hearing is one that is entrusted to the discretion of the trial court. *State v. Smith*, 30 Ohio App.3d 138, 139, 506 N.E.2d 1205 (9th Dist.1986). The decision whether to grant a motion for a new trial also lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990).

## V. Analysis

{¶17} Cannon did not timely file his motion for a new trial based upon newly discovered evidence. But we agree with him that he showed, by clear and convincing evidence, that he was unable to timely discover this "new evidence" with due diligence.

{¶18} Nonetheless, Cannon does not meet the first *Petro* criteria, which states that a new trial may be granted only if the newly discovered evidence "discloses a strong probability that it will change the result if a new trial is granted." *Id.* at the syllabus. First, there was another witness (Baker-Terrell) who testified at Cannon's trial that she saw Cannon shoot at the victim. Thus, it is unlikely that Parker's affidavit amounts to a "strong probability" that it would change the outcome of the trial if a new trial was granted. But even more significantly, Cannon also testified at trial that *he shot the victim* in self-defense. Cannon's testimony that he shot the victim negates any possibility, let alone a "strong probability," that this new evidence — a witness who now says he did not see Cannon shoot the victim — would change the result if a new trial was granted. Cannon further argues that the trial court should have at least held a hearing on his motion. The same judge who presided over Cannon's trial — a bench trial — is the same judge who denied his first petition for postconviction relief and his motion for a new trial that is the subject of this appeal. "'[T]he acumen gained by the trial judge who presided during the entire course of [the] proceedings makes [her] well qualified to rule on the motion for a new trial on the basis of the affidavit[s] and makes a time consuming

hearing unnecessary.'" *State v. Monk*, 5th Dist. Knox No. 03CA12, 2003-Ohio-6799, ¶ 20, quoting *United States v. Curry*, 497 F.2d 99, 101 (5th Cir.1974).

> "The trial judge is in a peculiarly advantageous position * * * to pass upon the showing made for a new trial. [The judge] has the benefit of observing the witnesses at the time of the trial, is able to appraise the variable weight to be given to their subsequent affidavits, and can often discern and assay the incidents, the influences, and the motives that prompted the recantation. [The judge] is, therefore, best qualified to determine what credence or consideration should be given to the retraction, and [the judge's] opinion is accordingly entitled to great weight. If the rule were otherwise, the right of new trial would depend on the vagaries and vacillations of witnesses rather than upon a soundly exercised discretion of the trial court."

*Taylor v. Ross*, 150 Ohio St. 448, 452, 83 N.E.2d 222 (1948), quoting *State v. Wynn*, 178 Wash. 287, 34 P.2d 900 (1934).

{¶19} Here, the reasoning set forth in *Monk*, *Curry*, and *Taylor* is even more applicable because in this case, the trial court was also the factfinder. Thus, the trial court in this case, who observed the witnesses testifying and subsequently found Cannon guilty, was in the best position to decide if a hearing on Cannon's motion was necessary.

{¶20} Cannon points to *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, and *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, in support of his argument that the trial court erred in denying his motion without an evidentiary hearing. This court recently found these cases distinguishable on their facts in a similar case and we likewise find them distinguishable here. *See State v. Conner*, 8th Dist. Cuyahoga No. 103092, 2016-Ohio-301 (for a discussion on the facts of *Covender* and *Carusone*).

**{¶21}** After thoroughly reviewing the record and applicable law, we hold that Cannon's "newly discovered evidence" does not meet the *Petro* criteria because it would not change the outcome of the trial if a new trial was granted. Accordingly, the trial court did not abuse its discretion in denying Cannon's motion without an evidentiary hearing.

**{¶22}** Cannon's sole assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LARRY A. JONES, SR., A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR